UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICK MCLELLAN,<br><br>                Plaintiff,<br>    v.<br><br>STATE OF NEVADA ex rel. DEPARTMNET OF PUBLIC SAFETY, et al.,<br><br>                Defendants. | Case No. 3:12-cv-00391-MMD-WGC<br><br>ORDER<br><br>(Def.'s Motion to Dismiss - dkt. no. 16; Plf.'s Counter Motion to Amend - dkt. no. 30) |

Before the Court are Defendant State of Nevada's Motion to Dismiss (dkt. no. 16) and Plaintiff Rick McLellan's Counter Motion to Amend (dkt. no. 30). After reviewing the parties' briefings, the Court denies the State's Motion to Dismiss, and grants McLellan's Counter Motion.

McLellan filed his Complaint on July 19, 2012, against the State of Nevada and various officials of the State's Department of Public Safety, including Chris Perry, Jarold Hafen, and Tony Almaraz. (Compl., dkt. no. 1 at ¶¶ 2-5.) McLellan alleges that Defendants violated his First Amendment rights by retaliating against him during his employment with the Department of Public Safety as a Trooper. McLellan brought one claim under 42 U.S.C. § 1983, which Defendant State of Nevada moved to dismiss as violating its Eleventh Amendment immunity. (*See* dkt. no. 16.) In lieu of a Response, McLellan filed a Counter Motion seeking to amend his Complaint by removing the State of Nevada as a defendant and by pursuing a claim against Chris Perry in both his individual and official capacity as Director of the Department of Public Safety. None of the Defendants filed an opposition to McLellan's Counter Motion.

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

The circumstances here warrant granting McLellan's Counter Motion to amend his Complaint. First, his Counter Motion was unopposed, which, under this District's Rules, constitutes consent to the Motion's granting. *See* Local Rule 7-2(d). Second, the Motion is not brought with bad faith, and no undue delay or prejudice will result from allowing McLellan to properly plead his First Amendment claim against the appropriate state official. Third, the Amendment is not futile, since his request for injunctive relief against Chris Perry in his official capacity does not violate the Eleventh Amendment. *See Mayweathers v. Newland,* 314 F.3d 1062, 1069-70 (9th Cir. 2002) (*citing Ex Parte Young,* 209 U.S. 123 (1908)). As a result, good cause appears to grant McLellan's Counter Motion.

Accordingly, IT IS HEREBY ORDERED that Defendant State of Nevada's Motion to Dismiss (dkt. no. 16) is DENIED as moot. IT IS FURTHER ORDERED that Plaintiff Rick McLellan's Counter Motion to Amend (dkt. no. 30) is GRANTED. McLellan must file his First Amended Complaint (dkt. no. 30-1) as a separate docket entry.

DATED THIS 9th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE